ACME EQUIPMENT COMPANY *v.*
UNITED PACIFIC INSURANCE COMPANY

1. APPEAL AND ERROR—APPEAL AS OF RIGHT—CLAIM OF APPEAL—
   TIMELINESS.

   Right of appeal was not preserved where defendant failed to
   file its claim of appeal as of right within 20 days after
   denial of a motion to set aside a default judgment or within
   20 days after the entry of an order denying a motion for
   rehearing made within 20 days after the denial of a motion
   to set aside (GCR 1963, 803.1).

2. APPEAL AND ERROR—APPEAL AS OF RIGHT—TIMELINESS.

   Motion to reinstate motion for rehearing, which was filed 10
   days after withdrawal of motion for rehearing, 56 days after
   motion for rehearing was filed, and 59 days after denial of a
   motion to set aside a default judgment *held,* not to restore
   defendant's appeal as of right to the Court of Appeals
   (GCR 1963, 803.1).

Appeal from Common Pleas Court of Detroit,
Benjamin C. Stanczyk, J.   Submitted Division 1
March 5, 1969, at Detroit.   (Docket No. 5,189.)   De-
cided May 28, 1969.

Complaint by Acme Equipment Company, a Mich-
igan corporation, against United Pacific Insurance
Company, a foreign corporation, for rentals accrued
and owing.   Default judgment for plaintiff.   Motion
to set aside default judgment denied.   Motion to re-

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error §§ 290, 292, 316.
[2] 4 Am Jur 2d, Appeal and Error §§ 290, 292, 306.

instate previously withdrawn motion for rehearing denied. Defendant appeals. Appeal dismissed.

*Samuel J. Rhodes* and *Norman Rom (George Stone,* of counsel), for plaintiff.

*Kenney, Kenney, Chapman & Prather,* for defendant.

BEFORE: Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.

V. J. Brennan, J. On October 23, 1967, plaintiff obtained a default judgment against defendant in the Common Pleas court for the city of Detroit. Defendant filed a motion to set aside the default judgment on November 21, 1967, which motion was denied on November 28, 1967.

On December 1, 1967, a motion for rehearing was filed, but was withdrawn January 16, 1968. Defendant filed a motion to reinstate the motion for rehearing on January 26, 1968. On February 9, 1968, the motion to reinstate the motion for rehearing was denied. Defendant filed a claim of appeal on February 27, 1968.

An examination of the chronology of this cause reveals that the defendant has failed to preserve its right of appeal. The claim of appeal was not filed as required under the provisions of GCR 1963, 803.1[*] Defendant failed to file its claim of appeal within 20 days after denial of the motion to set aside the default judgment or within 20 days after the entry

---

[*] GCR 1963, 803.1 provides:

"Appeal to the Court of Appeals as of right in civil cases, shall be taken not later than 20 days after the entry of the judgment or order appealed from, or within 20 days after the entry of an order denying a motion for a new trial or rehearing, provided such motion is made and served (a) within 20 days after entry of the judgment or order appealed from. * * *"

of an order denying a motion for rehearing *made within 20 days after the denial of the motion to set aside.*

Had defendant pursued its motion for rehearing filed on December 1 and had it been denied, 20 days would have remained from the date of the denial to perfect an appeal. The motion for rehearing was withdrawn however. The subsequent efforts of defendant to reinstate its motion for rehearing indicate a vain effort to revive its right to appeal. The right of appeal cannot be restored in this fashion.

This appeal is to be distinguished from that in *Hartman* v. *Roberts-Walby Enterprises, Inc.* (1968), 380 Mich 105. There the claim of appeal was based on an order denying a motion for rehearing, which motion *was filed within 20 days after denial* of a motion to set aside a default judgment. The jurisdictional time for filing the claim of appeal was governed by the formal entry of the order by the circuit court, and the appeal was filed within that time.

In view of defendant's failure to comply with GCR 1963, 803.1, this appeal is hereby dismissed.

Costs to plaintiff.

All concurred.